IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE-NICHOLAS OSBALDO, No. R72183, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 15-cv-01174-NJR ) |
| RICHARD HARRINGTON, WILLIAM D. QUALLS, and NATHAN J. BERRY, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jose-Nicholas Osbaldo is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to claims that he was subjected to excessive force and then denied medical treatment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on February 5, 2014, while he was waiting in a holding cell, Plaintiff happened to witness Major Thomas knee defendant Sgt. William D. Qualls in the "thigh area." Judging by Qualls's facial expression, Plaintiff perceived that Qualls was angry after being kneed. Qualls then began shouting at Plaintiff. Plaintiff's hands were then cuffed behind his back and defendant C/O Nathan J. Berry "snatched [Plaintiff] up" and held him while Qualls punched Plaintiff in the jaw. Qualls and Berry then took Plaintiff around to a shower area out of view of surveillance cameras and proceeded to beat him (hands still cuffed behind his back).

Plaintiff was bleeding, gasping for air, and begging Qualls and Berry to stop. Qualls mimicked Plaintiff gasping for air and told him to shut up. The beating continued until Plaintiff fell to the floor, unconscious. Plaintiff believes the defendants continued to kick and beat him after he was down. The defendants then picked Plaintiff up and continued to assault him. Using Plaintiff's head to push open the metal door, Qualls and Berry next took Plaintiff to segregation. Along the way, "the tower" instructed them to take Plaintiff to the healthcare unit, but Qualls and Berry did not do so. Plaintiff requested medical care from Qualls and C/O McMillian, who had joined Qualls to escort Plaintiff. Plaintiff did subsequently receive at least an examination from a nurse. He eventually had to be placed on a soft diet because of jaw pain, and he now must wear a mouth guard as a result of the injuries Qualls and Berry inflicted.

Plaintiff asserts claims against Qualls and Berry regarding the use of excessive force and the denial of medical care. Compensatory and punitive damages are sought. He also seeks injunctive relief, in that he wants outside medical treatment.

Based on the allegations in the complaint, the Court finds it convenient to frame the *pro se* action into the following overarching count.

> **Count 1:   Defendants William D. Qualls and Nathan J. Berry used excessive force against Plaintiff and were deliberately indifferent to his serious medical needs, all in violation of the Eighth Amendment.**

## Discussion

### Defendants Qualls & Berry

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The events described in the complaint are sufficient to satisfy the *Twombly* pleading threshold and to state colorable Eighth Amendment claims against Qualls and Berry regarding "excessive force" and "deliberate indifference to a serious medical need."

It is worth noting in relation to the medical care issue that, although Plaintiff eventually received medical care, it is not clear at this early juncture how long it took for medical care to arrive, and upon whose request medical care was sent. Two possible basis of liability are suggested in the complaint: (1) Qualls and Berry should have immediately realized medical care was necessary; and (2) "the tower" instructed them to take Plaintiff to the healthcare unit, but they instead proceeded to segregation. Count 1 shall, therefore, proceed.

### **Defendant Harrington & Injunctive Relief**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although the (former) warden of Menard, Richard Harrington, is listed as a defendant in the caption of the case, the narrative of the complaint does not mention him. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

The warden, in his official capacity, is the proper defendant for executing any injunctive relief awarded. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (the warden of the facility is the proper defendant to answer for claims regarding conditions of confinement and to carry out any injunctive relief granted). Although the complaint expresses some dissatisfaction

with the treatment afforded by Menard medical personnel, those individuals are not defendants to this action and no claims about inadequate care are asserted. Therefore, that remedy is clearly not warranted in this case and will be dismissed. As a result, there is no reason for Richard Harrington to remain in this action, even in just his official capacity. Richard Harrington will be dismissed without prejudice.

### Pending Motions

Plaintiff recently filed a "Motion to Establish Complaint" (Doc. 5). He simultaneously (1) inquires whether the *pro se* complaint that forms the basis of this case was properly transmitted to the Court and filed, and (2) indicates that his newly assigned counsel in a somewhat related case, *Osbaldo v. Berry*, Case No. 15-cv-00964-JPG, intends to file complaints in both cases.

This action was opened upon receipt of the *pro se* complaint. If the attorney assigned to represent Plaintiff in Case No. 15-964-JPG wants to enter his appearance in this action, he may do so, but he has not been appointed by the Court to do so. This action shall proceed as a *pro se* action until counsel voluntarily enters the case on behalf of Plaintiff, or until further order of the Court. Accordingly, Plaintiff's "Motion to Establish Complaint (Doc. 5) will be denied as moot.

Because the complaint is sufficient to proceed, Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to a magistrate judge for consideration.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **RICHARD HARRINGTON** is **DISMISSED without prejudice**, and the prayer for injunctive relief in the form of outside medical treatment is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Defendants **WILLIAM D. QUALLS and NATHAN J. BERRY**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Establish Complaint" (Doc. 5) is **DENIED as moot**

The Clerk of Court shall prepare for Defendants **WILLIAM D. QUALLS and NATHAN J. BERRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2015**

  _____
  **NANCY J. ROSENSTENGEL**
  **United States District Judge**